FILED
United States Court of Appeals
Tenth Circuit

February 20, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES DAVIS,

        Petitioner-Appellant,

v.

SECRETARY OF CORRECTIONS;
ATTORNEY GENERAL OF
KANSAS,

        Respondents-Appellees.

No. 07-3206

(D. Kansas)

(D.C. No. 07-3055-JAR)

---

**ORDER**

---

Before **HENRY,** Chief Judge**, TYMKOVICH,** and **HOLMES,** Circuit Judges.

---

James Davis, a Kansas state prisoner proceeding pro se, appeals the district

court's denial of his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254. Mr. Davis was convicted of attempted aggravated robbery, an aggravated

weapons violation, and misdemeanor theft, for which he was originally sentenced

to 32 months' imprisonment. Pursuant to the state's motion to correct sentence,

the district court resentenced Mr. Davis to 122 months' imprisonment – the low

end of the sentencing range under Kansas law. The Kansas Court of Appeals

affirmed Mr. Davis's direct appeal and denied Mr. Davis's post-conviction

challenges.

Mr. Davis filed a § 2254 petition in federal district court, arguing that (1) the trial court erred in failing to hold a hearing on his motion to correct the illegal sentence and in failing to correct the sentence; (2) the state court of appeals erroneously affirmed the illegal sentence; and (3) the state supreme court erred in denying his petition for review. Mr. Davis has also filed a separate motion for a certificate of appealability ("COA"), a motion for appointment of counsel, and a motion to proceed in forma pauperis ("IFP"). For substantially the same reasons as the district court, we deny his application for a COA, deny his request for an attorney, deny his motion to proceed ifp, and dismiss the matter.

## I. BACKGROUND

Mr. Davis was convicted by a jury in the District Court of Sedgwick County, Kansas, of attempted aggravated robbery, an aggravated weapons violation, and misdemeanor theft. On January 31, 2003, Mr. Davis was sentenced to 32 months' imprisonment, but on February 3, 2003, the state filed a motion to correct an illegal sentence because the presentence investigation report incorrectly listed the sentencing range as 30-34 months' imprisonment. The correct range under KAN. STAT. ANN. § 21-4704(a) is 122-136 months' imprisonment. The district court held a second hearing and ultimately re-sentenced Mr. Davis to 122 months' imprisonment.

Mr. Davis appealed to the Kansas Court of Appeals, which affirmed the

conviction and the sentence, finding that the 32 month sentence was illegal because it was not the statutorily authorized punishment, and thus the district court had jurisdiction to correct it. *State v. Davis*, 87 P.3d 993, 2004 WL 835964, at *4-*5 (Kan. Ct. App. 2004) (unpublished). The Kansas Supreme Court denied review. Mr. Davis then filed a pro se motion in the District Court of Sedgwick County requesting the court correct an illegal sentence. The district court denied the motion, the Kansas Court of Appeals affirmed the denial, and the Kansas Supreme Court denied review.

Mr. Davis then filed the present § 2254 motion in federal district court. His petition asserts three grounds for relief: (1) the trial court erred in denying him a hearing on his motion to correct an illegal sentence and in failing to correct an illegal sentence; (2) the Kansas Court of Appeals erroneously affirmed the illegal sentence; and (3) the Kansas Supreme Court erred in denying his petition for review when he was "sentenced in [the] wrong grid block." Rec. doc. 1, at 9. The federal district court denied relief, holding that Mr. Davis failed to raise any claims that this sentence was contrary to or involved an unreasonable application of federal law, as required by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d).

Mr. Davis timely appealed. He has also submitted a motion for appointment of counsel and a motion to proceed ifp.

3

## II. DISCUSSION

In order to obtain a COA, Mr. Davis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338. Because Mr. Davis proceeds pro se, we construe his pleadings liberally. *Cannon v. Mullin*, 383 F.3d 1152, 1160 (10th Cir. 2004).

Reasonable jurists could not debate whether the district court was correct in denying Mr. Davis's § 2254 petition. A federal court may only grant habeas relief on any claim adjudicated in state court if that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

A Kansas statute provides: "The court may correct an illegal sentence at any time." K.S.A. 22-3504(1). The state court held that a sentence that does not

4

conform to the statutory provision is "illegal" under Kansas law. *Davis*, 2004 WL 835964, at *4. Since Mr. Davis's original 32 month sentence did not fall in the Kansas statutory guidelines range of 122-136 months, it was illegal, and the district court correctly affirmed it.

We note that our sister circuits have held that "the power of a sentencing court to correct even a statutorily invalid sentence must be subject to *some* temporal limit." *Breest v. Helgemoe*, 579 F.2d 95, 101 (1st Cir. 1978). *See also United States v. Lundien*, 769 F.2d 981, 987 (4th Cir. 1985) (citing *Breest*). Those courts reason that, as time passes and the prospect of release nears, a prisoner's hope assumes "a real and psychologically critical importance." *Breest*, 579 F.2d at 101 ("After a substantial period of time, therefore, it might be fundamentally unfair, and thus violative of due process for a court to alter even an illegal sentence."). However, unlike in the cases before those circuits, Kansas filed a motion to correct four days after the district court issued the incorrect sentence. State Ct. Rec., at 93-94. The district court resentenced him four days after that (eight days after the original sentence). This brief time does not trigger the concerns noted by these other courts. While there may be some temporal limit on the power to correct an illegal sentence, eight days is not it.

When conducting habeas review, a federal court is limited to determining whether there was a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court

5

determinations on state-law questions." *Id*. at 67-68.  Because the Kansas court's determination was not contrary to nor an unreasonable application of clearly established federal law, no reasonable jurist could debate the district court's decision to deny relief.

## III.   CONCLUSION

Accordingly, we DENY Mr. Davis's application for a COA, DENY his motion for appointment of counsel, DENY his motion to proceed ifp, and DISMISS the matter.  Appellant's motion to file a supplemental brief is GRANTED.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

6